IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | § | |
|---|---|---|
| **ELIZABETH HOBBS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:18-cv-00496-O |
| | § | |
| **NATIONSTAR MORTGAGE LLC, d/b/a** | § | |
| **MR. COOPER,** | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendant's Motion for Judgment on the Pleadings and Brief in Support, (ECF Nos. 5–6), filed July10, 2018; Plaintiff's Response, (ECF No. 12), filed August 21, 2018; and Defendant's Reply, (ECF No. 13), filed September 4, 2018. Having considered the motion, briefing, and applicable law, the Court finds Defendant's Motion, (ECF No. 5), should be and is hereby **GRANTED**.

### I. BACKGROUND

The following factual recitation is taken from Plaintiff's Complaint. Not. Removal, Ex. A ("Compl."), ECF No. 1-1. Plaintiff Elizabeth Hobbs purchased real property located at 13537 Quail View Dr., Fort Worth, TX, 76052 (the "Property"). *Id.* ¶ 7. On November 16, 2004, Plaintiff signed a Deed of Trust with Universal American Mortgage Company, Ltd., in the amount of $102,050.00 (the "Deed of Trust"). *Id.* ¶ 8. The Note in such amount is secured by the Deed of Trust dated on the same date. *Id.* Hereinafter, the Note and Deed of Trust are collectively referred to as the "Loan." *Id.*

1

The Loan was sold, assigned, or transferred, and Defendant Nationstar Mortgage LLC, is the most recent servicer. *Id.* ¶ 9. Plaintiff submitted a loan modification package to Defendant on or about November 2017. *Id.* ¶ 10. Many months passed and Defendant has neither denied nor approved the loan modification application. *Id.* ¶ 11. Defendant posted the Property for a foreclosure sale to occur on June 5, 2017. *Id.* ¶ 12. Plaintiff expended significant time trying to confirm the status of her loan modification request and estimates she missed work and/or incurred expenses in the amount of $200.00. *Id.* ¶ 13.

On June 4, 2018, Plaintiff filed her Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction in the 48th Judicial District Court in Tarrant County, Texas. Not. Removal 1, ECF No. 1. The State Court granted the Temporary Restraining Order, preventing foreclosure of the Property. Not. Removal, Ex. C, ECF No. 1-3. Defendant filed an answer in State Court and subsequently removed this case to federal court. Not. Removal, ECF No. 1.

In her Complaint, Plaintiff alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), stating that she submitted a loss mitigation request more than three months prior to any posting of a foreclosure sale. *Id.* ¶ 16. She alleges that she did not receive any notice by Defendant as required under 12 CFR Section 1024.41(c)(1)(ii). Not. Removal, Ex. A ("Compl.") ¶ 17, ECF No. 1-1. Plaintiff seeks injunctive relief as well as statutory damages, compensatory damages, and attorney fees. *Id*. at 6.

Defendant filed a Motion for Judgment on the Pleadings, arguing that judgment denying all claims is warranted because Plaintiff lacks standing. Br. Supp. Def.'s Mot. 3, ECF No. 6. Defendant's motion is now ripe for review.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(c)

"The standard for deciding a Rule 12(c) motion [for judgment on the pleadings] is the same as a Rule 12(b)(6) motion to dismiss." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

## III. ANALYSIS

Defendant seeks to deny all of Plaintiff's claims because Plaintiff is not a "borrower" with standing to pursue a RESPA claim. Br. Supp. Def.'s Mot. 3, CF No. 6. Defendant argues Plaintiff was not a party to the Note because the Note was executed solely by James Hobbs. *Id.* at 2. Plaintiff responds that she is the spouse of James Hobbs and has a legal interest in the Property because she signed the Deed of Trust. Pl.'s Resp. 3, ECF No 12.

### A. Statutory Standing and RESPA

To have statutory "standing," a plaintiff must show that his "interests fall within the zone of interests protected by the law invoked." *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 (2014) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). "The question

is whether the statute grants the plaintiff the cause of action that he asserts." *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302, 197 L. Ed. 2d 678 (2017). Thus, courts look to the language of the statute under which a plaintiff is requesting relief to determine if that particular plaintiff has statutory standing to bring a claim. *Id*.

Under 12 CFR § 1024.41(a), "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. § 2605(f))." 12 CFR § 1024.41(a). Additionally, "[w]hoever fails to comply with any provision of this section shall be liable to the borrower . . ."12 U.S.C § 2605(f). Thus, by its plain language, a defendant's liability under RESPA is limited to "borrowers." *See* 12 U.S.C. § 2605; 12 CFR § 1024.41(a); *see also Tara L. v. Ocwen Loan Servicing, LLC*, No. 3:17-cv-00982, 2018 U.S. Dist. LEXIS 147325, at \*9 (M.D. Tenn. Aug. 28, 2018)(explaining that "borrower" is not defined in the statute, and "[a]t the time RESPA was enacted, Black's Law Dictionary defined "borrower" as "he to whom a thing is lent at his request.").

District courts within the Fifth Circuit have held that RESPA claims are limited to "borrowers." *See Bridges v. Bank of N.Y. Mellon*, No. H-17-1429, 2018 U.S. Dist. LEXIS 22373, at \*18-19 (S.D. Tex. Feb. 12, 2018); *See also Smith v. JPMorgan Chase Bank, N.A*., Civil Action No. 4:15-682, 2016 U.S. Dist. LEXIS 127030, 2016 WL 4974899, at \*7 (E.D. Tex. Sept. 19, 2016)(adopting recommendation of dismissal for lack of standing asserted by non-borrower spouse and holding that "the protections of RESPA apply only to borrowers and/or loan applicants") *aff'd by Smith v. JPMorgan Chase Bank, N.A*., 2017 U.S. App. LEXIS 21101 (5th Cir. Tex., Oct. 25, 2017) (per curiam). Other federal courts have explained that "only individuals who execute the promissory note are 'borrowers' with standing to bring a RESPA claim." *See Nelson v. Nationstar*

4

*Mortg. LLC*, No. 7:16-CV-00307-BR, 2017 U.S. Dist. LEXIS 45276, 2017 WL 1167230, at *3 (E.D.N.C. Mar. 28, 2017) (collecting cases).

### B. Plaintiff's Statutory Standing

In this case, Plaintiff lacks statutory standing because she is not a "borrower" or otherwise obligated on the Loan. First, nowhere in the Complaint nor in her Response does Plaintiff allege that she has signed the Note or is obligated on the Loan. *See* Not. Removal, Ex. A ("Compl."), ECF No. 1-1. Instead, Plaintiff asserts that she has been the point of contact with Defendant for the entirety of the Loan and that Defendant treated her as a borrower in their conversations. Pl.'s Resp. 4, ECF No. 12. However, this does not make Plaintiff a "borrower" or demonstrate that she is obligated on the Loan. *See Nelson*, 2017 U.S. Dist. LEXIS 45276, 2017 WL 1167230, at *3; *Tara L.*, 2018 U.S. Dist. LEXIS 147325, at *9. Additionally, Defendant attached a copy of the Note, which demonstrates that Plaintiff did not sign the Loan. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (In considering 12(b)(6) motions, courts may consider "the contents of the pleadings, including attachments thereto."). And while Plaintiff may be married to James Hobbs, Plaintiff cannot complain about the alleged harm to her husband because in federal courts, "parties may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. Therefore, Plaintiff is not a "borrower" under RESPA, and she fails to establish statutory standing. *See Nelson*, 2017 U.S. Dist. LEXIS 45276, 2017 WL 1167230, at *3 ("Because plaintiff did not sign the promissory note and has not assumed the loan, she is not a borrower under RESPA.") Accordingly, the Court **DISMISSES** all of Plaintiff's claims **with prejudice**.[1]

---

[1] Because the Court finds that Plaintiff does not have standing, it need not address Defendant's additional arguments for dismissal.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Motion for Judgment on the Pleadings, (ECF No. 5), should be and is hereby **GRANTED.** The Court **DISMISSES** Plaintiff's claims **with prejudice.**

**SO ORDERED** on this **3rd day** of **December, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**